STATE OF NORTH CAROLINA v. RONNIE ALI JENKINS

No. 816SC1146

(Filed 4 May 1982)

**1. Criminal Law § 89.5— non-corroborative testimony—absence of prejudice**

Although a witness's statement to a police officer that defendant stabbed deceased with something wrapped in a towel was not entirely corroborative of his trial testimony, the admission of the non-corroborative conclusion was not prejudicial error where it was the only logical inference one could reach if the testimony were believed, and where the trial court instructed the jury to disregard the witness's conclusory statement.

**2. Criminal Law § 46.1— sufficiency of evidence of flight**

The trial court did not err in instructing the jury on flight where the State's evidence showed that defendant left home at about the time of the stabbing of decedent, that he was not at home at a time when most people are sleeping, that those with whom he lived did not know where he was, that he could not be located during the hours following the stabbing although a general police alert had been ordered, and that defendant requested a ride to the State line during this same period, notwithstanding there was also evidence that defendant returned home voluntarily several hours later.

APPEAL by defendant from *Peel, Judge.* Judgment entered 29 March 1981 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 6 April 1982.

Defendant was indicted for first degree murder in the death of Earl Spruill in the early morning hours of 25 July 1978.

State's evidence tended to show that defendant, Spruill and three other people were at the home of one Nita Ward on the night of 24 July 1978. Both defendant and Spruill were drinking. According to State's witness Eugene Whitaker, who was also present, defendant .accused Spruill at one point of "trying to take [his] girl." Defendant also reportedly said "he was going to shoot somebody." Whitaker saw defendant go to the kitchen sink and put a white towel in his belt, but did not know whether anything was wrapped in the towel.

As Whitaker and Spruill were leaving, defendant went with them to the front door. Whitaker testified that defendant hit Spruill and that he saw the white towel go up, but saw no weapon. Afterward, Spruill left with Whitaker and told him he had been cut. Spruill collapsed after walking about fifty feet and Whitaker went for help. Spruill was dead when Whitaker returned.

Defendant's cross-examination of Whitaker showed that Whitaker, Spruill and defendant had consumed a large quantity of alcohol, and that Whitaker could not remember some of the details surrounding the incident.

The State presented further evidence tending to corroborate Whitaker's testimony and to show that defendant attempted to secure transportation to the state line after the stabbing incident. Defendant presented no direct evidence.

Defendant was convicted of second degree murder and sentenced to 14-20 years in prison. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Tiare B. Smiley, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant's first assignment of error is that evidence of prior non-corroborative statements made by Eugene Whitaker were placed before the jury to the prejudice of defendant, and that a police officer was permitted to vouch for the credibility of those statements.

The out-of-court statement to which defendant objects was Whitaker's statement to a police officer that defendant had stabbed Spruill with something wrapped in a towel. While Whitaker admitted at trial that he had only seen defendant hit Spruill with a towel, he further testified that Spruill told him immediately afterward he had been cut, and that Spruill was bleeding and unable to walk without assistance. While the conclusion communicated by Whitaker to investigating officers was not entirely corroborative of his testimony, it was the only logical

conclusion one could reach if the testimony were believed. Moreover, the trial court specifically instructed the jury to disregard the witness's conclusory statements and it must generally be assumed that jurors follow cautionary instructions. *State v. Covington*, 290 N.C. 313, 226 S.E. 2d 629 (1976). Here, we do not find the non-corroborative portions of Whitaker's out-of-court statement to be so prejudicial that the court's cautionary instructions could not cure the prejudicial effect.

Defendant's contention that he was prejudiced by Officer Sendlin's statement that he believed Whitaker had been telling the truth is also unpersuasive. The specific statement to which defendant objects was made in response to a question on redirect examination regarding the reason for Whitaker's release from police custody. However, the issue of Whitaker's release first had been raised on cross-examination by the defense attorney. Moreover, the jury was instructed to disregard the portion of Sendlin's testimony relating to his opinion of Whitaker's veracity. We find no prejudicial error.

[2] Defendant also contends the trial court committed reversible error by instructing the jury on flight. He argues that the evidence was insufficient as a matter of law to support a finding that defendant attempted to evade arrest, and that the instruction therefore unduly prejudiced the jury.

While it is true that defendant was arrested at his residence approximately twelve hours after Spruill's death, we find the evidence was sufficient to place the issue of flight before the jury. State's evidence showed that defendant left home at about the time of the stabbing, that he was not at home at a time when most people are sleeping, that those with whom he lived did not know where he was and that he could not be located during the hours following the stabbing although a general police alert had been ordered. Moreover, there was evidence that defendant requested a ride to the state line during this same period. Although there was also evidence that he returned home voluntarily several hours later, the jury could properly consider all of the circumstances in determining whether flight occurred and, if so, its significance. In view of the court's properly worded charge regarding the limited degree to which flight could be considered as evidence of guilt, we are not persuaded by this assignment of error.

In the trial of defendant we find

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.